**UNITED STATES BANKRUPTCY COURT**
DISTRICT OF NEW JERSEY
M.L. KING, JR. FEDERAL BUILDING
50 WALNUT ST., 3RD FLOOR
NEWARK, NEW JERSEY 07102

DONALD H. STECKROTH
BANKRUPTCY JUDGE

(973) 645-4693
Fax: (973) 645-2606

<u>**NOT FOR PUBLICATION**</u>

FILED
JAMES J. WALDRON, CLERK

**AUG. 22, 2012**

U.S. BANKRUPTCY COURT
NEWARK, N.J.

BY: <u>s/ Ronnie Plasner,</u> DEPUTY

August 22, 2012

<u>**LETTER OPINION**</u>
<u>**ORIGINAL FILED WITH THE CLERK OF THE COURT**</u>

McNally & Associates, L.L.C.
Stephen B. McNally, Esq.
93 Main Street, Suite 201
Newton, New Jersey 07860
*Counsel for Debtor*

Turner Law Firm, LLC
Andrew R. Turner, Esq.
76 South Orange Avenue
South Orange, New Jersey 07079
*Counsel for Creditor*
*Delmaster Plumbing & Heating Supply*

Re:  **Sally A. Rinker, Debtor**
    <u>**Case No. 11-43013 (DHS)**</u>

Dear Counsel:

Before the Court is a motion for reconsideration filed by Delmaster Plumbing & Heating Supply Co., Inc. ("Delmaster"). Delmaster seeks reconsideration of the Court's decision avoiding turnover of $3,942 from Sally A. Rinker ("Debtor") that was previously discharged pursuant to section 522(d)(5) and (f)(1)(A) of the Bankruptcy Code. Delmaster alleges that the Debtor's amended Schedules B and C that disclose $14,000 in an escrow account moots the Debtor's previous claim that Delmaster's pre-petition lien on the Debtor's bank account impaired her exemption under section 522(d)(5). Delmaster also alleges that the Debtor's failure to disclose the escrow account precludes her from claiming an exemption in it.

Page 2
August 22, 2012

In defense, the Debtor claims that the amended schedules did not modify the exemption previously claimed in her bank account. Furthermore, the Debtor argues that it is within her right as a debtor to apply exemptions and make amendments to her schedules as she sees fit. The Debtor also claims that the funds from the escrow account benefit the estate.

The Court has jurisdiction pursuant to 28 U.S.C. §§ 1334(b), 157(a), and the Standing Order of Reference from the United States District Court for the District of New Jersey dated July 23, 1984. This is a core proceeding under 28 U.S.C. § 157(b)(2). Venue is proper under 28 U.S.C. § 1408. The following shall constitute the Court's findings of fact and conclusions of law as required by Federal Rule of Bankruptcy Procedure 7052.

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

The Debtor had a judgment entered against her in the amount of $33,297.44, in favor of Delmaster, on August 3, 2011 in the Superior Court of New Jersey. (Opp'n to the Objection to Newly Claimed Exemptions ("Debtor's Opp."), p. 1) Following the judgment, the Sussex County Sheriff's Office levied the Debtor's bank accounts, effectively freezing funds in the amount of $3,765. (*Id.*)

The Debtor subsequently filed a petition for relief pursuant to chapter 7 of the Bankruptcy Code on November 15, 2011. (Cert. of Sally A. Rinker in Opp'n to Mot. for Recons. ("Debtor's Cert."), ¶ 1) The case was filed as a no asset Chapter 7 matter. The Debtor listed several exempt assets in Schedule C of the filing, of which included "cash, bank accounts, household goods and furnishing, clothing, jewelry, firearms, a life insurance policy, cemetery plots, and two vehicles." (Letter-Brief in Supp. of Delmaster's App. for Recons. ("Delmaster's Br."), p. 3) After the initial filing, the creditors meeting pursuant to 11 U.S.C. 341(a) was conducted on December 16, 2011. (*Id.*) Following the 341 meeting, the Debtor filed a motion to avoid Delmaster's lien, arguing that the "pre-petition levy on her bank account impaired her exemption under 11 U.S.C. 522(d)(5)." (*Id.*) The hearing in relation to Debtor's motion occurred on January 24, 2012, at which time the Court entered an order avoiding Delmaster's pre-petition lien. (*Id.* at p. 5) The Debtor was then discharged pursuant to the Court's February 17th Order. (*Id.*)

On March 6, 2012, the Debtor filed amended Schedules B and C to reflect an interest in approximately $14,000 from an escrow account, which had been deposited with the Township of Vernon. (Debtor's Cert., ¶ 2) In response to the amended schedules, Delmaster filed an objection. (Delmaster's Br., p. 5) The objection by Delmaster was followed by a letter brief in support of its application for reconsideration. (Delmaster's Br., p.1) The Debtor filed opposition to reconsideration and the parties were heard on April 3, 2012. (Delmaster's Br., p. 5)

Page 3
August 22, 2012

## DISCUSSION

### I.  Motion for Reconsideration Standard

A court may grant a motion for reconsideration if the party seeking reconsideration satisfies at least one of the following grounds: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the [c]ourt granted the motion; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citing *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). Indeed, "[t]he purpose of a motion for reconsideration is to correct manifest errors of law or fact, or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985) (citing *Keene Corp. v. Int'l Fidelity Ins. Co.*, 561 F.Supp. 656, 665 (N.D. Ill. 1983)).

Importantly, motions for reconsideration are not intended to be a way in which litigants can re-litigate matters in which they disagreed with the court. *Fidtler v. Gillis*, 1999 WL 596940, *2 (E.D. Pa. Aug. 9, 1999) (citing *Waye v. First Citizen's Nat'l Bank,* 846 F.Supp. 310, 314 n. 3 (M.D. Pa. 1994), *aff'd.* 31 F.3d 1175 (3d Cir. 1994)). A motion for reconsideration is not an appeal and "[i]t is improper . . . to 'ask the court to rethink what [it] has already thought through – rightly or wrongly.'" *Ciba-Geigy Corp. v. Alza Corp.*, 1993 WL 90412, *1 (D.N.J. Mar. 25, 1993) (quoting *Oritani Savings & Loan Ass'n v. Fidelity & Deposit Co.*, 744 F.Supp. 1311, 1314 (D.N.J. 1990)). Accordingly, evidence presented on a motion for consideration must be newly discovered. *Harsco Corp.*, 779 F.2d at 909. "[T]here is a strong policy against entertaining reconsideration motions based on evidence that was readily available at the time that the original motion was heard, but, for whatever reason, was not presented to the [c]ourt." *Ciba-Geigy Corp.*, 1993 WL 90412 at *2. Finally, reconsideration motions are extraordinary remedies, therefore, such motions "are to be granted 'sparingly.'" *NL Industries, Inc. v. Commercial Union Ins. Co.*, 935 F.Supp. 513, 516 (D.N.J. 1996) (citing *Maldonado v. Lucca*, 636 F.Supp. 621, 630 (D.N.J. 1986)).

### II.  Motion for Reconsideration

Delmaster contends that the recent disclosure of $14,000 post-discharge moots the Debtor's previous claim that Delmaster's pre-petition lien impaired the Debtor's exemption under section 522(d)(5). Due to the lack of previous disclosure of the $14,000 escrow funds by the Debtor, Delmaster argues that reconsideration is appropriate. First, the motion was timely filed pursuant to Federal Rule of Civil Procedure 59(e). "A motion to alter or amend a judgment must" be made no more than 28 days "after the entry of the judgment." Fed. R. Civ. P. 59(e). Here, the Court entered a judgment on February 17, 2012 and Delmaster filed its motion for reconsideration on March 8, 2012, within the statutory period.

Page 4
August 22, 2012

The Court must also determine if the motion for reconsideration satisfies any of the three circumstances that were reiterated in *Max's Seafood Cafe*. Here, none of the three possibilities is satisfied. First, there is no intervening change in the controlling law, nor is there claimed to be by Delmaster. The other two possibilities are also not satisfied. The second possibility, availability of new evidence, while in fact present, would not have affected the previously claimed exemption. Third, Delmaster has not proven an error in law or fact that must be corrected to prevent injustice.

In regard to the availability of new evidence, Delmaster does not satisfy its burden of proof in showing that the newly discovered asset would have affected the Debtor's claimed exemptions and, therefore, be a basis for reconsideration. Rule 4003(c) of the Federal Rules of Bankruptcy Procedure requires that "the objecting party has the burden of proving that the exemptions are not properly claimed." Here, Delmaster has not provided the Court with any authority to conclude that the newly claimed exemption by the Debtor is invalid. Delmaster argues that a disclosure of the municipal deposit before the discharge would not have impaired the Debtor's exemption, therefore, the motion to avoid Delmaster's lien would have been moot. (Delmaster's Br., p. 5) In support of this assertion, Delmaster states that "a debtor must claim exemptions in unencumbered assets prior to seeking the avoidance of liens under a claimed impairment to an exemption." (*Id.*) Delmaster did not submit, nor could the Court locate, authority to support this proposition. In the absence of evidence to support its claim, Delmaster has not satisfied its burden of proof.

Neither the Bankruptcy Code nor the Rules appears to require a debtor to exhaust unencumbered property before claiming an exemption in encumbered property. Section 522 simply states that "an individual debtor may exempt from property of the estate the property listed . . . ." 11 U.S.C. § 522(b)(1). Along with this, a debtor's exemptions are presumed to be valid once filed. *See In re Grueneich*, 400 B.R. 680, 684 (B.A.P. 8th Cir. 2009); *In re Reschick*, 343 B.R. 151, 157 (Bankr. W.D. Pa. 2006); *In re White*, 2009 WL 8556809, *4 (Bankr. W.D. Pa. Aug. 10, 2009). The Code's silence on this matter, along with the presumption of validity of claimed exemptions, suggests that debtors are free to exempt property according to their own prerogative, as long as it is in accordance with other controlling rules.

In addition, a debtor may amend a schedule at any time prior to the closure of a case. Fed. R. Bankr. P. 1009. *See In re Gershenbaum*, 598 F.2d 779, 781 (3d Cir. 1979); *Lucius v. McLemore*, 741 F.2d 125, 126 (6th Cir. 1984); *In re Henry*, 183 B.R. 748, 750 (Bankr. N.D. Tex. 1995). Courts will also, generally, subject exemption claims to liberal standards of review. *In re Barrows*, 408 B.R. 239, 243 (B.A.P. 8th Cir. 2009) (citing *Kaelin v. Bassett (In re Kaelin)*, 308 F.3d 885, 888 (8th Cir. 2002)). Notably though, a right to amend is not absolute, and "[b]ad faith on the part of the debtor or prejudice to creditors can eliminate a debtor's right to amend exemptions." *Barrows*, 408 B.R. at 243. Bad faith and prejudice is typically only present when a debtor unjustly extends litigation. *See In re Snow*, 21 B.R. 598, 600 (Bankr. E.D. Cal. 1982) (holding that a debtor was not allowed to amend his exemption more than seven months after his

Page 5
August 22, 2012

original filing); *In re Reed*, 1995 WL 227389, *1 (9th Cir. Apr. 17, 1995) (finding the debtor lost his ability to amend by "plung[ing] the bankruptcy estate into lengthy litigation."). Here, the Debtor chose to amend Schedules B and C while the case was still open and without any showing of bad faith or prejudice to creditors as a whole. The Debtor amended her schedules only after discovering the escrow funds and properly identifying them. The amendments were made in a reasonable manner and time frame.

Delmaster has also failed to show that reconsideration is necessary "to correct a clear error of law or fact to prevent manifest injustice." *Max's Seafood Café*, 176 F.3d at 677. As with the availability of new evidence to support a motion for reconsideration, Delmaster does not satisfy its burden of proof in showing that there was a clear error of law or fact. More importantly, Delmaster is unable to show that reconsideration would prevent "manifest injustice" to the larger body of creditors as a whole.

The amended schedules include assets that are, on a whole, beneficial, as it provides an asset for the Trustee to distribute amongst the larger creditor body. The Debtor acknowledged that it is detrimental to Delmaster that the exemption still applies to the Debtor's accounts while the newly claimed escrow account funds are not subject to Delmaster's previous lien. (Debtor's Opp'n., p. 3) However, as noted above, a debtor has a right to claim exemptions in accordance with its own prerogatives. While this may be adverse to a single creditor, Delmaster has failed to show that it should be awarded relief to the detriment of other creditors. There is no showing of "manifest injustice." Therefore, Delmaster's motion for reconsideration is denied.

## CONCLUSION

Delmaster has failed to satisfy its burden of proof in asserting that the Debtor's newly claimed exemption in a previously undisclosed escrow account is invalid. Delmaster failed to submit any authority to the Court to support is allegations. Therefore, the Court must adhere to the presumption of validity for claimed exemptions. Furthermore, a debtor is fully within its rights to amend a schedule prior to the close of a case, absent any showing of bad faith or prejudice to creditors. The Court denies the motion for reconsideration.

An Order in conformance with this Opinion has been entered by the Court and a copy attached hereto.

                Very truly yours,

                *s/ Donald H. Steckroth*

                DONALD H. STECKROTH
                UNITED STATES BANKRUPTCY JUDGE

Enclosure